UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>           Plaintiff,<br><br>  v.<br><br>FRED ARTHUR BALLEW;<br>TATA FOODS CORPORATION, a<br>California Corporation,<br><br>           Defendants. | No. 2:14-cv-01672-JAM-DAD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    Plaintiff Scott Johnson ("Plaintiff") sued Fred Arthur Ballew ("Defendant Ballew") and Tata Foods Corporation ("Defendant Tata Foods"), alleging that their business, a Denny's restaurant, does not comply with the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. Compl., ECF No. 1. A default judgment was entered against Defendant Tata Foods. ECF No. 6. Plaintiff now moves for partial summary judgment against Defendant Ballew. Mot., ECF No. 38. Defendant Ballew has not opposed Plaintiff's motion. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.[1]

                              I.   OPINION

    Plaintiff, a quadriplegic, visited the Denny's restaurant,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 11, 2020.

1

| | |
|---|---|
| 1 | located at 5033 S. Hwy 99, Stockton, California, on March 11, |
| 2 | 2014, March 18, 2019, and March 24, 2019. Johnson Decl. ¶¶ 4, 9, |
| 3 | ECF No. 38-4. During these visits, Plaintiff found that the |
| 4 | restaurant did not have a van accessible parking spot. Id. at |
| 5 | ¶ 6. Inside the restaurant's restroom, Plaintiff was unable to |
| 6 | use the coat hook and mirror as both were mounted too high. Id. |
| 7 | at ¶¶ 13-14. Additionally, Plaintiff was worried about burning |
| 8 | his legs on an unwrapped hot water pipe below the sink. Id. at |
| 9 | ¶ 15. Plaintiff regularly visits businesses in the area but was |
| 10 | deterred from patronizing the Denny's restaurant on several |
| 11 | occasions because of the restaurant's barriers to access. Id. at |
| 12 | ¶¶ 18, 21. |
| 13 | Plaintiff seeks injunctive relief and statutory damages |
| 14 | under the Unruh Civil Rights Act corresponding to two (2) |
| 15 | obstructed visits to the Denny's restaurant ($4,000.00 minimum |
| 16 | statutory damages per visit, for a total amount of $8,000.00) and |
| 17 | an additional $4,000 for the times he was deterred from visiting |
| 18 | the restaurant because of his knowledge of the barriers. Mot. at |
| 19 | 11-12. |
| 20 | Here, Plaintiff provided factual evidence that Defendant |
| 21 | Ballew's business did not comply with the ADA and Unruh Civil |
| 22 | Rights Act, that Plaintiff visited the restaurant on several |
| 23 | occasions, and that Plaintiff was deterred from patronizing the |
| 24 | restaurant thereafter. By failing to file an opposition to this |
| 25 | motion, Defendant Ballew has not provided any evidence |
| 26 | demonstrating an issue of material fact as to those violations. |
| 27 | Thus, there is no dispute of fact as to Plaintiff's visits to the |
| 28 | Denny's restaurant and Defendant's statutory noncompliance, |

making relief appropriate.

Although a plaintiff may recover statutory damages for several visits to a non-compliant facility, making multiple visits to a non-complaint facility in a short amount of time may constitute a failure to mitigate. See Johnson v. Guedoir, 218 F. Supp. 3d 1096, 1103 (E.D. Cal. 2016). Here, Plaintiff visited the Denny's restaurant three times in one month. Johnson Decl. at ¶¶ 4, 9. These visits are close enough in time to constitute a failure to mitigate. Thus, the Court will only award Plaintiff $4,000 in statutory damages for the first of his visits to the restaurant.

Finally, the same plaintiff is entitled to statutory damages for one encounter and a separate award for deterrence. Guedoir, 218 F. Supp. 3d at 1100. Accordingly, the Court will award Plaintiff another $4,000 in statutory damages for the times he was deterred from visiting the restaurant.

## II. ORDER

For the reasons provided, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Partial Summary Judgment. Defendants are enjoined to "alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA. 42 U.S.C. § 12188(a)(2). The Court also awards Plaintiff statutory damages in the amount of $8,000.

IT IS SO ORDERED.

Dated: February 5, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE