UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>              Plaintiff,<br><br>    v.<br><br>FRED ARTHUR BALLEW; TATA FOODS CORPORATION, a California Corporation,<br><br>              Defendants. | Case No. 2:14-cv-01672-JAM-DB<br><br>**ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

    Plaintiff Scott Johnson ("Plaintiff") sued Defendants Fred Arthur Ballew and Tata Foods Corporation ("Defendants"), alleging that their business, a Denny's restaurant, does not comply with state and federal disability access laws. Compl., ECF No. 1. The Court granted partial summary judgment on Plaintiff's claims arising under the Americans with Disabilities ("ADA") and Unruh Civil Rights Act. Order, ECF No. 41. Plaintiff now seeks $24,608.80 in attorney's fees and costs under 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a). Mot. Fees, ECF No. 43. Defendants did not oppose Plaintiff's motion. For the reasons stated below, the Court grants Plaintiff's motion but reduces the amount of fees and costs sought by Plaintiff.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 21, 2020.

I.  OPINION

A.  Attorney's Fees

1.  Legal Standard

When determining the reasonableness of an attorney's fee request, the Court engages in a two-step process.  First, the Court determines the amount of a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  This total, the "lodestar" amount, yields a presumptively reasonable fee.  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

Second, the Court decides whether to adjust the lodestar figure upward or downward pursuant to a variety of factors.  Id. at 1209.  Those factors include: (1) time and labor required; (2) novelty and difficulty of questions involved; (3) skill requisite to perform legal service properly; (4) preclusion of other employment by attorney due to acceptance of the case; (5) customary fee; (6) time limitations imposed by client or circumstances; (7) amount involved and results obtained; (8) experience, reputation, and ability of attorneys; (9) nature and length of professional relationship with client; and (10) awards in similar cases.  Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Resurrection Bay Conservation Alliance v. City of Seward, 640 F.3d 1087, 1095, n.5 (9th Cir. 2011) (noting that two former factors—the fixed or continent nature of a fee and the desirability of a case—are no longer relevant).

"The essential goal in shifting fees (to either party) is to

do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). Thus, the Court may consider its "overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id.

### 2. Analysis

#### a. Hours Reasonably Expended

Plaintiff submits a "Billing Summary" and "Billing Statement," itemizing the time spent by nine attorneys—Mark Potter, Phyl Grace, Dennis Price, Amanda Seabock, Chris Carson, Sara Gunderson, Elliott Montgomery, Bradley Smith, and Isabel Masanque—on this case. Pl.'s Ex. 2, ECF No. 43-4. Plaintiff also attached two Central District of California orders granting fees to some of these attorneys, ECF No. 43-5, 43-6; a declaration from an attorney in support of Plaintiff's attorneys' rates, ECF No. 43-10; and an attorney rate report, ECF No. 43-9. The Court finds that not all of the hours billed by Plaintiff's counsel are reasonable, and therefore reduces the following categories of billed hours accordingly.

#### i. Estimated Hours

As an initial matter, Price's billing statement includes "estimates" for "time to review opposition brief, draft the reply brief, attend oral argument" (8 hours). Pl.'s Ex. 2 at 11. Defendants did not file an opposition to Plaintiff's motion; no reply brief was drafted; and no oral argument took place on this motion. The Court finds that billing for activities that did not occur is not reasonable. Thus, the eight hours billed for the opposition, reply, and hearing will be omitted from the fee award. See, e.g., Johnson v. Yates, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (striking hours billed for

a hearing that was not held).

### ii. Review of Minute Orders

Potter repeatedly bills for reviewing Minute Orders and Notices on the docket. See Potter Billing Entries on: 9/16/2015, 11/30/2015, 10/2/2017, 11/28/2017, 8/13/2018, 8/16/2018, 1/18/2019, 3/5/2019. These Minute Orders and Notices are typically one to two sentences long, and often deal with boilerplate issues. See, e.g., September 16, 2015 Min. Order, ECF No. 14 (instructing the parties, in one sentence, to file a joint status report). The Court finds it inefficient and unreasonable that the most experienced attorney, who coincidentally bills at the highest rate, is reviewing run-of-the-mill orders and notices from the Court or the Clerk's Office. Accordingly, the Court reduces the hours billed by Potter for reviewing Minute Orders and Notices in half, from 0.8 hours to 0.4 hours.

### iii. Instructions to Assistants

Several attorneys on the team repeatedly bill for giving instructions to their assistants. See Potter Billing Entries on: 8/18/2014, 6/18/2018, 6/27/2018, 6/28/2018, 8/3/2018, 8/7/2018, 3/27/2019, 7/7/2019; Grace Billing Entries on: 7/13/2015, 8/6/2015, 8/25/2015, 10/18/2017, 10/31/2017, 11/6/2017, 11/28/2017, 8/10/2018, 8/21/2018, 8/25/2018, 9/5/2018, 9/14/2018, 9/26/2018, 11/18/2018, 12/1/2018, 12/26/2018, 1/3/2019; Gunderson Billing Entries on: 6/20/2019, 6/26/2019, 6/27/2019, 8/2/2019, 8/8/2019, 8/23/2019; Montgomery Billing Entries on: 4/11/2019, 4/16/2019, 4/24/2019, 4/25/2019, 4/30/2019, 5/1/2019, 6/5/2019, 6/7/2019, 6/10/2019, 6/12/2019, 6/14/2019. These entries are ones for which giving instructions to a legal assistant is either the only task or

the predominating one.  Together, these entries amount to 4.3 hours billed.  The Court finds the number of times Plaintiff's counsel billed merely for instructing their legal assistants is excessive, and that the cumulative amount of time allegedly spent doing so is unreasonable.

The Court thus, reduces the amount of time billed for giving instructions to legal assistants by half.  Accordingly, Potter's entries will be reduced from 0.8 hours to 0.4 hours; Grace's entries will be reduced from 1.7 hours to 0.8 hours; Gunderson's entries will be reduced from 0.6 to 0.3 hours; and Montgomery's entries will be reduced from 1.2 hours to 0.6 hours.  This amounts to a total of 2.2 hours deducted.

### iv.  Other Attorneys

The Court is not persuaded by Plaintiff's explanation as to why it was necessary for nine attorneys to work on this simple case for which Plaintiff's counsel has no shortage of experience.  See Mot. Fees at 12 ("The Center for Disability Access has been at the vanguard for ADA litigation, obtaining numerous favorable decisions that have shaped the face of disability rights litigation in California and the Ninth Circuit at large."); see also Potter Decl. ECF No. 43-3, ¶¶ 6-8.  While the Ninth Circuit has found a litigation team involving multiple attorneys is justified in "important class action litigation," Probe v. State Teachers' Ret. Sys., 780 F.2d 776, 785 (9th Cir. 1986), the use of nine attorneys on the present case constitutes overstaffing.  See id. ("Hours that are excessive, redundant, or otherwise unnecessary are to be excluded when calculating a reasonable attorneys' fee.").

The Court, thus, cuts hours attributable to unnecessary

overstaffing and omits the hours billed by Carson, Smith, Seabock, and Masanque. This results in a reduction of 0.3 hours for Carson, 1 hour for Smith, 2.1 hours for Seabock, and 7.2 hours for Masanque. This amounts to a total of 10.6 hours deducted for overstaffing. The Court finds the rest of Plaintiff's counsel's time entries reasonable and not subject to reduction. In total, the Court reduces Plaintiff's counsel's billing statement by 21.2 hours.

                            b. <u>Reasonable Hourly Rate</u>

Plaintiff requests his attorneys' time be compensated at the following rates: $595 per hour (Potter); $550 per hour (Grace); $450 per hour (Price and Gunderson); and $400 per hour (Montgomery). Potter Decl. at ¶¶ 6, 10, 11, 14, 15.

Judicial opinions within the Eastern District of California have found that $300 per hour is a reasonable rate for Potter. <u>Johnson v. Bach Thuoc Vu</u>, No. 2:14-cv-02786-JAM-EFB, 2017 WL 2813210, at *3 (E.D. Cal. June 29, 2017). Similarly, this district's decisions have found that $250 per hour is an appropriate rate for Grace. <u>Id.</u> Finally, decisions provide that $150 per hour is a reasonable rate for junior associates in disability access cases in the Sacramento legal community. <u>Id.</u> Plaintiff has not presented the Court with a compelling reason to depart from the rates awarded in other similar cases.

Accordingly, based on their number of years of legal experience, the Court calculates the lodestar with reasonable hourly rates as: Potter at $300, Grace at $250, and other attorneys at $150. As stated above, Carson, Smith, Seabock, and Masanque's hours were stricken due to overstaffing. The resulting lodestar in

this case is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Potter | 7.7 | $350.00 | $2,695.00 |
| Grace | 6.8 | $250.00 | $1,700.00 |
| Price | 3.1 | $150.00 | $ 465.00 |
| Gunderson | 2.1 | $150.00 | $ 315.00 |
| Montgomery | 1.5 | $150.00 | $225.00 |
| | | | $5,400.00 |

B.   Costs

1.   Legal Standard

The ADA authorizes an award of litigation expenses and costs to a prevailing party, including expert witness fees. Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). A prevailing party may recover out-of-pocket expenses counsel normally charge fee-paying clients. Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). The requested costs must be reasonable in amount. Harris v. Marhoefer, 24 F.3d 16, 20 (9th Cir. 1994).

2.   Analysis

Plaintiff seeks litigation expenses in the amount of $2,781.30. Those fees are composed of service fees ($245), filing fees ($400), investigator fees ($200), and expert fees ($1,655.88). Although Defendants did not file objections to these costs, other decisions in this district have not found this lack of objection relieves Plaintiff of providing supporting documentation for requested costs. See Yates, 2017 WL 3438737, at *3 (denying investigation and expert costs where no bills were provided).

Plaintiff did not attach receipts or bills verifying that the amounts billed for service and by his investigator were reasonable and necessary. Potter provided a declaration that he paid his investigator $200 to conduct this case's investigation. Potter

7

Decl. ¶ 4. Potter's declaration does not explain why no billing statement was submitted for his investigator and does not mention the service fee. As the Court has no basis upon which to judge whether these costs were reasonably incurred, the "Court will not award such an amount arbitrarily." Id.

As for the expert fees, Plaintiff's motion contains several inconsistencies. Plaintiff's brief in support of his motion requests expert fees for "retain[ing] an expert to conduct site inspection at the property and to prepare [an] [e]xpert report pursuant to the inspection" at a cost of $1,655.88. Mot. at 25. Meanwhile, Potter's declaration says he "paid [his] expert $1,936.30 for traveling to site to conduct a site inspection." Potter Decl. ¶ 5. And the expert's invoice bills $1,936.30 for a "Cancelled Access Compliance Evaluation and Report." Pl.'s Ex. 6, ECF No. 43-8. Thus, it seems that the site inspection never took place and the expert report was not produced. The Court is left to guess whether the expert fees amounted to $1,655.88 or $1,939.30. The Court declines to speculate and denies Plaintiff's request to be reimbursed for this cost. Accordingly, Plaintiff is awarded only $400 in costs for the filing fee.

## II.   ORDER

For the reasons set forth above, the Court GRANTS in part Plaintiff's Motion for Attorney's Fees and Costs. The Court awards Plaintiff $5,400.00 in attorney's fees and $400.00 in costs, for a total of $5,800.00.

IT IS SO ORDERED.

Dated: April 20, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8